# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

ERIK FRANKLIN,                          :

      Plaintiff,                    :          Case No. 3:09cv00242

 vs.                                    :          District Judge Walter Herbert Rice
                                                    Chief Magistrate Judge Sharon L. Ovington

CAROLYN W. COLVIN,                      :
Acting Commissioner of the Social
Security Administration,                :

      Defendant.                    :

---

# REPORT AND RECOMMENDATIONS[1]

---

    This case is before the Court upon Plaintiff's Motion for Allowance of Attorney

Fees (Doc. #18), the Commissioner's Response (Doc. #19), Plaintiff's Reply (Doc. #21),

and the record as a whole.

    Plaintiff and his counsel entered into a written contingency-fee agreement,

specifying counsel's fee will be 25% of any lump sum award for past-due benefits or a

minimum of $2,800, whichever is greater.  (Doc. #18-1)  The agreement therefore

documented, on one hand, Plaintiff's agreement to pay attorney fees in the amount of

25% of any lump sum award for past-due benefits payable to Plaintiff, and, on the other

---

    [1] Attached hereto is a NOTICE to the parties regarding objections to this Report and
Recommendations.

hand, counsel's willingness to accept the risk of recovering zero attorney fees in the event Plaintiff received no past-due benefits.  *Id.*  Plaintiff later prevailed in this case.  On remand to the Social Security Administration, he received past-due Disability Insurance Benefits in the amount of $35,208.00 and Supplemental Security Income benefits in the amount of $8,845.28.  (Doc. #21-2).

Plaintiff's counsel now seeks an award of $11,013.32 in attorney fees under 42 U.S.C. § 406(b) and due to the existence of the contingency-fee agreement.

Title 42 U.S.C. § 406(b) authorizes the Court to award attorney's fees when a Plaintiff brought in the District Court a successful challenge to the Commissioner's denial of the Plaintiff's application for Social Security benefits.  *See Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 856 (6th Cir. 1997).  Such an award may not exceed 25% of the past-due benefits that the claimant received as a result of the successful challenge.  *See id.*; *see also* 42 U.S.C. § 406(b)(1).  Plaintiff's attorney must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002).  Section 406(b) "does not displace contingent-fee agreements" but instead "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

A 25% contingency-fee agreement between a plaintiff and his or her attorney "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989).  And an award of attorney fees under § 406(b)

2

is not unreasonable merely because it results in an above-average hourly rate. *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990). As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the requested fee by the number of attorney hours worked]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Royzer*, 900 F.2d at 982. Yet a reduction of the contingency-fee award may be warranted if (1) counsel acted improperly or provided ineffective assistance, or (2) "counsel would . . . enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.* "[A] windfall can never occur when, in a case where a contingency-fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes v. Sec'y of Health & Human Servs.*, 932 F.2d 418, 422 (6th Cir. 1990). This "multiplier of 2 is an appropriate floor in light of indications that social security attorneys are successful in approximately 50% of cases they file in the courts. Without a multiplier, a strict hourly rate would insure that social security attorneys would not, averaged over many cases, be compensated adequately." *Id.*

The Commissioner opposes the amount of Plaintiff's requested award on the

ground that it would constitute a windfall to Plaintiff's counsel.  The Commissioner sees a windfall in the hypothetical hourly rate of $407.90, reaching this rate by dividing $11,013.32 (total amount sought) by 27 (the work-hours Plaintiff's counsel spent in this case).  The Commissioner asserts that $360.00 is the reasonable hourly rate that should be permitted, thus reducing the recoverable amount of Plaintiff's attorney fees to $9,720.00. The Commissioner also argues there is no time sheet or other "legitimate information about how [Plaintiff's counsel] spent his time in this matter," and that "counsel's application for fees strongly suggests that Plaintiff received a large benefit award due to administrative delay . . ." (Doc. #19 at 3-4).

There is no allegation or indication in the record of the case that Plaintiff's counsel[2] acted improperly or provided ineffective assistance.  The amount of requested attorney fees – $11,013.32 – does not constitute a windfall.  The Commissioner's proposed hourly rate of $360 is based on twice the $180 per hour rate.  This conservative $180 hourly rate, however, is below the median $200 hourly rate of attorneys in Dayton, Ohio in or near 2010.  *See Pencil v. Astrue*, 2012 WL 4364273 at *2 (S.D. Ohio, Sept. 24, 2012).

The time sheet submitted by Plaintiff's counsel as part of his Reply, *see* Doc. #21-1, indicates that he engaged in 27 hours of work in this case.  The Commissioner thus correctly calculates that Plaintiff proposes a hypothetical hourly rate of $407.90

---

[2] "Counsel" refers to trial counsel of record, Gary M. Blumenthal, as well as attorney Mary T. Meadows, who also rendered services in this case.  *See* Doc. #18 at 7.

4

($11,013.32 ÷ 27 hours).  Viewing this, in turn, as the product of the applicable multiplier

of 2, *see Hayes*, 923 F.2d at 422, translates to an hourly rate of $203.95.  This hourly rate

is nearly 25% less than the $270.00 x 2 = $540.00 hypothetical hourly rates used and

permitted in *Pencil*, and in fact, is only minimally higher than the median $200 hourly

rate of attorneys in Dayton, Ohio in or near 2010.  Given Plaintiff's counsel's skill and

extensive experience in social security cases, *see* Doc. #18 at 7, the amount of $11,013.32

for 27 work-hours does not constitute a windfall.  *Accord Wright v. Astrue*, No. 3:09-cv-

115, 2012 U.S. Dist. LEXIS 93489, at *6-7, 2012 WL 2700393, at *2-3 (S.D. Ohio July

6, 2012) (Merz, M.J.), *adopted by* 2012 U.S. Dist. LEXIS 103014 at *1, 2012 WL

3023258 at *1 (S.D. Ohio July 24, 2012) (Rice, D.J.) (approving a contingency fee award

of $15,000.00 for 27.80 attorney hours (a hypothetical hourly rate of $539.57) under the

Social Security Act).

        Defendant also argues that the award sought is "unreasonable, because it appears

to have resulted from an administrative delay that increased the 'past-due' benefits

awarded to the claimant."  (Doc. #19 at 4).  Thus, as Defendant argues, the claimant

would be paying attorney fees on benefits that would not normally be subject to a fee

absent the delay.  (*Id.*).  Defendant relies on *Webb v. Richardson*, 472 F.2d 529 (6th Cir.

1972), overruled on other grounds, *Horenstein v. Sec'y of Health & Human Servs.*, 35

F.3d 261 (6th Cir. 1994), which provides that, "in no event should the fee exceed 25% of

the past due benefits that would have been due if judgment had been rendered within

three months. . ."  As Plaintiff notes in his Reply, however, Defendant's partial quote

from *Webb* overlooked a key phrase.

The *Webb* quotation relied upon by Defendant, states that, "in no event should the fee exceed 25% of the past due benefits that would have been due if judgment had been rendered within three months **after the submission of the Secretary's brief** . . . ". *Webb*, 472 F.2d at 538 (emphasis added). Defendant did not include "after the submission of the Secretary's brief," in his quotation from *Webb*. Plaintiff filed his Statement of Errors on January 12, 2010 (Doc. #10). Defendant filed his Memorandum in Opposition on April 30, 2010 (Doc. #13). Plaintiff filed a Reply on May 20, 2010 (Doc. #14). The Court issued its final judgment remanding the case on June 30, 2010. (Doc. #17). Thus, all actions taken by this Court took place without what the Court in *Webb* considered inexcusable delay – that is, any time in excess of three months after the submission of the Commissioner's brief. Accordingly, Plaintiff's past due benefits were not inflated as a result of any delay or inaction in the Court proceedings (the issue addressed in *Webb*), nor are they otherwise unreasonable.

Accordingly, Plaintiff's § 406(b) Motion is well taken.

## IT IS THEREFORE RECOMMENDED THAT:

1.  Plaintiff's Motion for Allowance of Attorney Fees (Doc. #18) be GRANTED;

2.  The Commissioner be directed to pay Plaintiff's attorney fees pursuant to 42 U.S.C. § 406(b) in the total amount of $11,013.32; and,

3.  The case remains terminated on the docket of this Court.

March 19, 2013                                      s/Sharon L. Ovington
                                                Sharon L. Ovington
                                        Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(c), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).